NYGAARD, Circuit Judge,
dissenting.
In each of the two cases before us in this appeal, the majority reverses the district court and remands the cause for it to further *810 scrutinize the designation process. I must respectfully dissent.
Discriminatory purpose or effect triggers heightened scrutiny. The outcome of a selection process, however open that process may be, can be discriminatory in its practical effect. Regardless of the designation process employed, in each ease a designation was made in the context of a flow control scheme; in each case, that flow control designation constituted an impermissible discrimination against interstate commerce and by effect alone triggered heightened scrutiny. I would affirm the order in Tri-County, in which I conclude the district court properly applied heightened scrutiny. I would reverse the order in Harvey & Harvey, and remand to the district court for it to apply the heightened scrutiny standard, because it failed to do so despite the discriminatory effect of the designation in the context of flow control.
The articles of commerce involved in these cases are both the waste itself and the disposal services it requires. “Solid waste, even if it has no value, is an article of commerce.” Fort Gratiot Landfill v. Michigan Dep’t of Natural Resources, 504 U.S. 353, 359, 112 S.Ct. 2019, 2023, 119 L.Ed.2d 139 (1992). Although the Supreme Court in Carbone suggested that “the article of commerce is not so much the solid waste itself, but rather the service of processing and disposing of it,” C & A Carbone, Inc. v. Town of Clarkstown, N.Y., — U.S. -, -, 114 S.Ct. 1677, 1682, 128 L.Ed.2d 399 (1994) (emphasis added), the Court has not eliminated consideration of waste as an article of commerce. Whether dealings between Pennsylvania generators of waste and out-of-state waste disposal service companies are “viewed as ‘sales’ of garbage or ‘purchases’ of transportation and disposal services, the commercial transactions unquestionably have an interstate character.” Fort Gratiot, 504 U.S. at 359, 112 S.Ct. at 2023.
In Carbone the Supreme Court held that a flow control ordinance coupled with a designation discriminated in its effect because it allowed only the designated operator to provide waste services within the geographic limits of the municipality. In Carbone, the town of Clarkstown designated a single, instate facility to provide initial processing services for waste; its designation was part of a flow control scheme, which required all to use the designated facility. The court found that “[t]he ordinance thus deprives out-of-state businesses of access to a local market.” — U.S. at-, 114 S.Ct. at 1681. Likewise, in the cases before us, under the ordinances, out-of-state providers of waste services cannot accept waste or sell services except to the extent that waste would be delivered to a designated facility; flow control mandates that waste be delivered only to a designated facility.
As in the Carbone ease, “the real question is whether the flow control ordinance is valid despite its undoubted effect on interstate commerce.” Id. at-, 114 S.Ct. at 1682 (emphasis added).[1] And, again as in the Carbone case, “flnd[ing] that the ordinance discriminates against interstate commerce, we need not resort to the Pike test.” Id.
Thus, heightened scrutiny must be applied in the cases before us, because, regardless of the process employed in selecting waste service providers, the effect discriminates against interstate commerce. The Supreme Court “interpretas] the Commerce Clause to invalidate local laws that impose commercial barriers or discriminate against an article of commerce by reason of its origin or destination out of State.” Id. (emphasis added).
Heightened scrutiny analysis dictates that “[discrimination against interstate commerce in favor of local business or investment is per se invalid, save in a narrow class of cases in which the municipality can demonstrate, under rigorous scrutiny, that it has no other means to advance a legitimate local interest.” Carbone, — U.S. at-, 114 S.Ct. at 1683 (citing Maine v. Taylor, 477 U.S. 131, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986)).[2] The *811 Carbone court specifically rejected the contentions of amici in that case that designation coupled with a flow control scheme fit into the narrow class of permissible discrimination. In Carbone, the amici “suggest[ed] that as landfill space diminishes and environmental cleanup costs escalate, measures like flow control become necessary to ensure the safe handling and proper treatment of solid waste. The teaching of our cases is that these arguments must be rejected absent the clearest showing that the unobstructed flow of interstate commerce itself is unable to solve the local problem.” — U.S. at-, 114 S.Ct. at 1683.
Although assurance of ten years of disposal capacity for county waste and of the proper disposal of waste generated in a county are laudable goals, the designation of facilities under a flow control scheme may not be essential to achieving those goals. For example, the county might seek assurances of ten years of capacity from a few disposal facilities without then requiring all county-generated waste actually to be disposed of at those same specific facilities. The goal of providing ten years of disposal capacity need not require that each facility, to accept waste, must provide an assurance of ten years of capacity.[3] Like the municipality in Carbone, the county in each of the cases before us has open to it “any number of nondiscriminatory alternatives for addressing the ... problems alleged to justify the ordinance in question.” Id.
As the holding of the Supreme Court in Carbone compels, the Tri-County district court applied the heightened scrutiny test upon finding that the Mercer County ordinance was discriminatory in its practical effect. The district court ruled in favor of TriCounty Industries, Inc., because the defendants failed to meet their burden of demonstrating the unavailability of nondiscriminatory alternatives. I would affirm the district court for the reasons stated in its well-reasoned opinion. The Harvey & Harvey district court overlooked the discriminatory effect of designation in a flow control scheme. For that reason, it failed to require heightened scrutiny. I would reverse its holding that Pike scrutiny applied, and remand. See generally Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 847, 26 L.Ed.2d 174 (1970).

. Significantly, the Carbone court did not engage in an analysis of the process by which the Clarks-town facility was selected. It looked only to effect.

. Once ‘‘[a statute is] shown to discriminate against interstate commerce either on its face or in practical effect, the burden falls on the State to demonstrate both that the statute serves a *811 legitimate local purpose, and that this purpose could not be served as well by available nondiscriminatory means.” Maine, 477 U.S. at 138, 106 S.Ct. at 2447 (internal quotations and citation omitted).

. To the extent that the county might be providing an exclusive franchise to accept waste as payment in exchange for the assurance of ten years of capacity, the scheme of flow control coupled with designation would in essence constitute a county scheme to finance the capacity assurance received, providing as payment the granting of a monopoly and its concomitant profits and stability in exchange for the assurance. The permissibility of such an arrangement is highly doubtful.